UP

FILED

EC JAN 1 1 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CCC INFORMATION SERVICES, INC., | ) | **DEMAND FOR JURY TRIAL** |
| DAVID BLISS, NAVED SIDDIQUE, and | ) | |
| ERIC MONTANYE, | ) | 1:19-cv-00224 |
| | ) | Judge Joan H. Lefkow |
| Defendants. | ) | Magistrate Judge Jeffrey T. Gilbert |

## COMPLAINT

Plaintiff Jesse Williams ("Plaintiff"), on behalf of himself, and proceeding *pro se*, alleges as follows:

1. This is an action for damages based on unlawful employment practices committed by Defendant CCC Information Services, Inc.'s ("CCC" or "Defendant"), unlawful employment actions including but not limited to harassment and discrimination on the bases of race, sex (sexual orientation), as well as retaliation, all in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), § 706(f) (42 U.S.C. § 2000e-2, *et seq.*).

## JURISDICTION AND VENUE

2. The claims asserted in this Complaint arose in this District and Division. Plaintiff is a citizen of the United States, and was a resident of the County of Cook, State of Illinois, during the course of his employment with Defendant.

3. Defendant is a corporation organized and existing under the laws of the state of Illinois, with its principal offices located at 222 West Merchandise Mart Plaza Suite 900, Chicago, IL 60654.

4. Plaintiff brings this action pursuant to the provisions of Title VII for damages to compensate him for the economic loss and other damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was a member of African-American race as well as homosexual.

5. This action is timely pursuant to Title VII because the Plaintiff received a Notice of Suit Rights – Right to Sue from the Equal Employment Opportunity Commission (EEOC) less than 90 days prior to January 11, 2019, the original date of filing for this action.

## PARTIES

6. Plaintiff Jesse Williams was employed by Defendant from on or about June 15, 2015 to November 3, 2017, when he was discharged.

7. Defendant CCC Information Services, Inc. (CCC) is a for profit corporation with headquarters in the State of Illinois, with a total revenue exceeding $500 million.

8. Defendant David Bliss is a Caucasian male who served as Director for CCC's Solutions and Consulting Division during Plaintiff's employment with CCC.

9. Defendant Naved Siddique is an Asian male of British descent who served as Senior Vice President for CCC's Solutions and Consulting Division during Plaintiff's employment with CCC.

10. Defendant Eric Montanye is a Caucasian male who served as Senior Business Consultant for CCC's Solutions and Consulting Division during Plaintiff's employment with CCC.

## FACTUAL ALLEGATIONS

11. Plaintiff Jesse Williams is an African-American, gay male.

12. Plaintiff began working for Defendant on or about June 15, 2015.

13. At all times relevant to this action, on information and belief, Plaintiff was the only African-American employed by CCC's Solutions and Consulting Group.

14. Plaintiff suffered treatment less favorable than that provided to employees of other races.

15. During Plaintiff's employment with Defendant, members of Defendant's Solutions and Consulting Group would be assigned project work and would be reasonably invited and expected to attend internal meetings and client engagements tied to said project work.

16. Plaintiff was the sole member of Defendant's Solutions and Consulting Group that was excluded from internal meetings and client engagements tied to project work that Plaintiff was involved with.

17. During Plaintiff's employment with Defendant, it was reasonably expected that members of the Solutions and Consulting Group would work on highly visible projects. In cases where highly visible projects were taken off a member's workload, it was reasonably expected that the member in question would receive another highly visible project to work on.

18. Plaintiff was the sole member of Defendant's Solutions and Consulting Group that had highly visible project work taken away from him and given to other members of Defendant's Solutions and Consulting Group with no subsequent highly visible projects assigned to Plaintiff. Specifically, Plaintiff had originally been assigned a highly visible project that was later assigned to a comparative associate, Eric Montanye, with no highly visible project work being assigned to Plaintiff thereafter. The directive to reassign the highly visible projects from Plaintiff to Mr. Montanye was given by Naved Siddique. Plaintiff would repeatedly ask Mr. Siddique to be assigned additional highly visible projects. Mr. Siddique repeatedly ignored

Plaintiff's requests to be assigned additional project work and would often avoid meetings with Plaintiff to discuss said project work.

19. During Plaintiff's employment with Defendant, it was reasonably expected that members of the Solutions and Consulting Group would receive regular and complete feedback on work performance, as well as clear guidance on issue resolution as it related to work performance.

20. Plaintiff was the sole member of Defendant's Solutions and Consulting Group that was not given regular and complete feedback on work performance, or clear guidance on issue resolution as it related to work performance.

21. Plaintiff was generally disciplined more harshly than non-African-American employees as it related to alleged work performance issues.

22. In or about January 2016, Plaintiff was participating in a meeting attended by members of Defendant's Account Management team and a client. A member of Defendant's Account Management team subsequently complained that Plaintiff's presentation style to client was "Unacceptable" due to the presence of naturally occurring filler speech. Plaintiff was then issued a written corrective action, placed on probation and a performance improvement plan in association with this meeting. The directive to place Plaintiff on probation and a performance improvement plan was given by David Bliss and Naved Siddique.

23. On information and belief, no other Solutions and Consulting Group member whose presentation styles included filler speech was placed on probation or a performance improvement plan. Furthermore, other Solutions and Consulting Group members were not chastised for filler speech by any of Defendant's staff.

24. On information and belief, this pattern of disciplining Plaintiff was pursuant to a concerted effort by David Bliss and Naved Siddique to induce Plaintiff to resign his position.

25. Beginning approximately March 2016, Plaintiff began to suffer heightened scrutiny at the hands of Mr. Siddique and Mr. Bliss. This scrutiny came in the form of Plaintiff being required to record all touch points with Account Management Teams, and report back to Mr. Siddique and Mr. Bliss.

26. No other member of Defendant's Solutions and Consulting Group was required to account for their touchpoints with Account Management Teams.

27. In or about August 2016, members of Defendant's Solutions and Consulting Group began referring to Plaintiff by a derogatory racial slur. Specifically, Eric Montanye and other members of Defendant's organization would repeatedly refer to Plaintiff by the racial slur "J-Dawg". These actions were witnessed by several members of Defendant's organization, including members of management.

28. No other member of Defendant's Solutions and Consulting Group or Defendant's organization was subject to racial slurs of this nature.

29. Plaintiff was required to conduct a talent management assessment under the job title and coordinating job profile of "National Account Manager", which is inaccurate due to Plaintiff's actual job title while employed by Defendant being "Senior Business Consultant". Despite overall satisfactory results from the talent management assessment, Plaintiff's job performance was scrutinized based on scoring tied to an erroneous job profile.

30. No other member of Defendant's Solutions and Consulting Group was required to conduct a talent management assessment under an inaccurate job title or job profile, and no other

member's job performance was scrutinized by scoring based on an erroneous job profile within a talent management assessment program.

31. Plaintiff raised concerns within Defendant's organization regarding the disparate treatment that he suffered through HR representative Laurie Ruth. Plaintiff's internal complaints were to no avail, however, as they were largely ignored.

32. On November 3, 2017, Defendant terminated Plaintiff's employment.

**COUNT I: DISCRIMINATION ON THE BASIS OF RACE AND SEXUAL ORIENTATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

33. Plaintiff incorporates each and every paragraph above as if fully set forth herein.

34. The Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee, with respect to his compensation, terms, conditions, or privileges of employment because of his actual or perceived race and sexual orientation.

35. Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

36. Plaintiff has suffered from discriminatory practices of Defendant since at least on or about July 2015, including but not limited to exclusion from internal and external meetings, unwarranted discipline, and placement on a performance improvement plan.

37. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages, including, but not necessarily limited to: lost earnings, emotional pain and suffering, embarrassment, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

38. Defendant violated Title VII of the Civil Rights Act of 1964 willfully.

**COUNT II: RETALIATION ON THE BASIS OF PLAINTIFF'S DISCRIMINATION COMPLAINT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

39. Plaintiff incorporates each and every paragraph above as if fully set forth herein.

40. The Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee, with respect to his compensation, terms, conditions, or privileges of employment because of his actual or perceived race and sexual orientation.

41. Employees who raise concerns about unlawful discrimination and harassment are protected from retaliation.

42. As a result of Plaintiff's complaint about disparate treatment internally within Defendant's organization, he has suffered from Defendant's retaliatory actions, including termination of his employment.

43. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages, including, but not necessarily limited to: lost earnings, emotional pain and suffering, embarrassment, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

44. Defendant violated Title VII of the Civil Rights Act of 1964 willfully.

### COUNT III: HOSTILE WORK ENVIRONMENT ON THE BASIS OF RACE AND SEXUAL ORIENTATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

45. Plaintiff incorporates each and every paragraph above as if fully set forth herein.

46. Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee, with respect to his compensation, terms, conditions, or privileges of employment because of his actual or perceived race and sexual orientation.

47. As set forth more fully above in Plaintiff's factual allegations, throughout the course of his employment, Plaintiff was subject to a pattern of discriminatory actions which were attributable to his race and sexual orientation. These actions, which included unwarranted discipline, were intentionally designed to pressure him into resigning his employment and thus

were sufficiently severe and pervasive as to result in humiliation and create an abusive working environment.

48. Additionally, Plaintiff was subject to repeated derogatory racial slurs by members of Defendant's staff.

49. Evidence of such hostile work environment, set out above, culminated in Plaintiff's termination because of his race and sexual orientation, and in retaliation for opposing the disparate treatment he was subject to.

50. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages, including, but not necessarily limited to: lost earnings, emotional pain and suffering, embarrassment, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

51. Defendant's conduct was intentional, malicious, and recklessly indifferent to Plaintiff's protected statutory rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jesse Williams respectfully requests this Court to enter judgment in his favor and award the following relief:

   a) issue an Order declaring that Defendants' actions and omissions violated Plaintiff's right under Title VII of the Civil Rights Act of 1964 to be free from unlawful discrimination on the basis of race and sexual orientation;

   b) award Plaintiff compensatory damages for his lost earning capacity, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses in an amount to be determined by the jury at trial in excess of $500,000;

   c) award Plaintiff full back pay and benefits;

   d) award Plaintiff emotional distress damages;

   e) award Plaintiff punitive damages;

f) award Plaintiff court costs and any reasonable attorneys' fees incurred throughout the course of this case; and

g) award Plaintiff such other equitable relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for any and all issues proper to be so tried.

Dated: January 11, 2019

Respectfully submitted,

**JESSE WILLIAMS**

*/s/ Jesse Williams*
Jesse Williams (*pro se*)
3000 N Sheridan Road Apt 2d
Chicago, IL 60657
312-568-6999
jjwchicago@gmail.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 440-2018-01021 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. Jesse Williams | 312-568-6999 | 1984 |

Street Address: 3000 N Sheridan Road, 2D, CHICAGO, IL 60657

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| CCC INFORMATION SERVICES, INC. | 501+ | |

Street Address: 222 W Merchandise Mart Place, Suite 900, CHICAGO, IL 60654

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-24-2017  Latest: 11-03-2017
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I began my employment with Respondent on or about June 15, 2015. My most recent position was Senior Business Consultant. During my employment, I was excluded from internal and external meetings. I was also subjected to harassment and discipline. I complained to Respondent to no avail. Subsequently, I was discharged.

I believe I have been discriminated against because of my race, Black, my sex, male (sexual orientation), and in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally signed by Jesse Williams on 11-20-2017 11:12 AM EST | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161 (11/16)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jesse Williams<br>3000 N Sheridan Road, 2D<br>Chicago, IL 60657 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2018-01021 | Sergio Maldonado, Investigator | (312) 869-8129 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Julianne Bowman_    10/16/18
Julianne Bowman,    (Date Mailed)
**District Director**

Enclosures(s)

cc:  **CCC Information Services Inc.**
   c/o Robert C. Levels
   **Assistant General Counsel**
   222 Merchandise Mart Plaza, Suite 900
   Chicago, IL 60654